**James HANTON, Plaintiff–Appellant,**

v.

**G. FOGARTY, Defendant–Appellee.**

No. 00–0305.

United States Court of Appeals,
Second Circuit.

Nov. 8, 2001.

James Hanton, Cheshire, CT, pro se.

Steven R. Strom, Assistant Attorney General, Hartford, CT, for appellee.

Present CARDAMONE, WINTER and SACK, Circuit Judges.

### SUMMARY ORDER

This cause came on to be heard on the record from the United States District Court for the District of Connecticut, and was submitted by plaintiff *pro se* and by counsel for defendants.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of September 26, 2000 be, and it hereby is, AFFIRMED.

Plaintiff *pro se* James Hanton, a prison inmate at the Bridgeport Correctional Center, appeals from a grant of summary judgment under Fed.R.Civ.P. 56(c) by the United States District Court for the District of Connecticut (Donna F. Martinez, *Magistrate Judge*), dismissing his civil rights action brought pursuant to 42 U.S.C. § 1983. Hanton alleges that the defendants, who are prison officials, deprived him of procedural due process in disciplinary proceedings on a charge of attempted escape that led to his confinement in punitive segregation for fifteen days.

Citing *Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), the district court ruled that the plaintiff's disciplinary confinement in segregated housing involved no constitutionally protected liberty interest because it imposed no "atypical, significant" hardship for a convicted prisoner. *Id.* at 486, 115 S.Ct. 2293. As a result, the district court found that Hanton's segregation was not within the concerns of the Fourteenth Amendment, and thus that he had no valid claim under the Due Process Clause. Because the district court correctly applied *Sandin*, we affirm.

The present litigation arose after prison officials issued Hanton a disciplinary report for attempted escape. Hanton however received no notification of the subsequent disciplinary hearing until the morning of this hearing. In addition, his advocate received no copy of the investigator's report until the morning of the hearing. At the hearing, Hanton further alleges that he was denied a continuance. In his ensuing 42 U.S.C. § 1983 action, first Hanton and then the defendants moved for summary judgment. The district court granted the defendants' summary judgment motion and dismissed Hanton's procedural due process claim because of the failure to allege deprivation of a constitutionally significant liberty interest.

■ As a threshold matter, we note that although there is no indication that either the court or the defendants informed Hanton of the nature or the consequences of a summary judgment motion, Hanton's response indicates that "he understood the nature of the summary judgment process," *Vital v. Interfaith Med. Ctr.*, 168 F.3d 615, 621 (2d Cir.1999), thereby permitting the district court to grant summary judgment against him.

■ *Sandin* holds that disciplinary confinement of prisoners implicates a constitutionally cognizable liberty interest only where a prisoner demonstrates that a confinement or restraint creates punishment "qualitatively different" from that typically suffered by a person convicted of a crime, and the state has enacted a regulation or statute that grants inmates a protected liberty interest. *Sandin*, 515 U.S. 483–84, 489 n. 4, 115 S.Ct. 2293; *Brooks v. DiFasi*, 112 F.3d 46, 48 (2d Cir.1997); *Miller v. Selsky*, 111 F.3d 7, 8–9 (2d Cir.1997); *Frazier v. Coughlin*, 81 F.3d 313, 317 (2d Cir.1996). Where disciplinary segregation "with insignificant exceptions, mirror[s] those conditions imposed upon inmates in administrative segregation and protective custody" or is similar to conditions otherwise in the same facility, no liberty interest is implicated. *Sandin*, 515 U.S. at 486, 115 S.Ct. 2293; *see also Sealey v. Giltner*, 197 F.3d 578, 589 (2d Cir.1999).

In 42 U.S.C. § 1983 cases alleging violations of procedural due process in prison disciplinary matters, we have required that district courts "examine the circumstances of [the plaintiff's] confinement to deter-

mine whether that confinement affected a liberty interest." *Miller*, 111 F.3d at 9. We review the subsequent grant of summary judgment *de novo. See Schnabel v. Abramson*, 232 F.3d 83, 86 (2d Cir.2000).

■ The district court determined that there was "no evidence that [Hanton] had suffered any unusual conditions of confinement." Even in this court, Hanton has not contradicted the defendants' position that the conditions of his confinement did not significantly differ from conditions for the general population. *Cf. Colon v. Howard*, 215 F.3d 227, 231 (2d Cir.2000); *Sealey*, 197 F.3d at 587. Nor has he shown that he was kept in disciplinary confinement for a particularly long time. In other instances we have rejected claims based on greater duration than fifteen days. *See, e.g., Colon*, 215 F.3d at 231–32; *Sealey*, 197 F.3d at 589–90; *Hynes v. Squillace*, 143 F.3d 653, 658–59 (2d Cir.), *cert. denied*, 525 U.S. 907, 119 S.Ct. 246, 142 L.Ed.2d 202 (1998). Because "the conditions of [Hanton's] confinement" were not "dramatically different from the 'basic conditions of [his] sentence,'" his claim must be rejected. *Frazier*, 81 F.3d at 317 (citing *Sandin*, 515 U.S. at 485, 115 S.Ct. 2293).

For the foregoing reasons, the judgment of the District Court is hereby AFFIRMED.